FAULKNER, Justice.
The executor appeals an order of the Circuit Court of Montgomery County granting summary judgment against it. We affirm.
Prior to his death, Bradley contracted with the Industrial Development Board of Montgomery to perform certain work related to the Armco Steel Plant construction. His work consisted of grading and paving a large storage area adjacent to the Armco plant. He sub-contracted part of the work to C. F. Halstead, Inc., who sub-contracted the work to South Alabama Construction Company. The paving became defective in June, 1973. The Board called upon Bradley to repave the area; Bradley called upon Halstead, and he refused — contending the paving failed because of inadequate plans and specifications.
Bradley, upon Halstead’s refusal, had the storage area torn up and repaved it. He then sued Halstead on February 6,1974, for $85,000 damages, the cost of repaving. In July, Bradley amended his complaint to join Armco, as an additional defendant. Arm-co’s motion for summary judgment against Bradley was granted by the trial court on January 6, 1975. Bradley did not attempt to appeal the judgment under Rule 54(b) ARCP, and the case against Halstead continued to a jury verdict in favor of Hal-stead.
The principal issue is whether the trial court correctly granted summary judgment. Was there a genuine issue of material fact that should have gone to the jury? Bradley contends that because the jury concluded Halstead did the work properly, this implies the plans and specifications were defective, by omitting to account for the excess moisture. It is without dispute that Armco employed engineers who drafted the plans and specifications, and it employed laboratories that tested the soil. Armco contends the cause of the failure of the pavement is not a genuine issue of fact in the suit against it. The issue, Armco says, is the Construction and application of the written contract between it and Bradley. Did Bradley seek equitable adjustment pursuant to Article 15 of the contract. The relevant portion of the Article provides:
“Should conditions encountered below the surface of the ground be at variance with the conditions indicated by the Drawings and Specifications, the Contract Sum shall be equitably adjusted upon claim by either party made within a reasonable time after the first observance of the conditions.”
There is no evidence that Bradley ever made a claim under Article 15 against *170 Armeo until it was brought in as a party defendant by amendment of the complaint. This court held in Burton v. Steverson, 206 Ala. 508, 91 So. 74 (1921) that when the facts bearing on the matter are full and undisputed, what is a reasonable time is a question of law to be decided by the court. Here, about 14 months elapsed before Bradley made a claim against Armco. The trial judge found as a matter of law that Bradley did not act within a reasonable time under the terms of the contract. We agree.
Article 15 of the contract is not ambiguous, and it was the duty of the court to analyze and determine its meaning. C. F. Halstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644, 320 So.2d 657 (1975). Here, what was a reasonable time to seek equitable adjustment was a question for the court.
The executor raises other issues not pertinent to deciding the principal issue of this case, i. e. construction of Article 15 of the contract. Consequently, we will not discuss them.
AFFIRMED.
HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.